MORRIS FREIHON, ADMINISTRATOR, ETC., v. PUBLIC SERVICE RAILROAD COMPANY.

Decided June 22, 1928.

Before Gummere, Chief Justice, and Justices Black and Lloyd.

· For the rule, *Henry H. Fryling.*

*Contra, Maxwell A. Kraemer* and *Harry Heher.*

Per Curiam.

Joseph Freihon, the plaintiff's decedent, a young man twenty-two years of age, while driving a Ford delivery truck along a street in the township of Hamilton, in Mercer county, attempted to cross over the right of way of the defendant company at its intersection with that street. A trolley car was approaching the intersection and collided with the truck as the decedent was in the act of crossing the track. The collision resulted in the instant death of the decedent. The jury rendered a verdict in favor of the plaintiff, awarding him $8,000.

The first contention on the part of the defendant is that the court erroneously permitted the plaintiff to amend his complaint at the trial. A consideration of the argument in support of this contention leads us to the conclusion that it is without merit.

It is further argued that the verdict should be set aside because the evidence conclusively established the fact that the plaintiff's decedent was guilty of contributory negligence in failing to accord the trolley car a right to pass first over the crossing. The argument is that the defendant company was operating its road under a steam railroad charter, and that, this being so, it had the same rights in crossing over this public road as the operator of a steam railroad train would have. In other words, that the failure of the decedent to recognize the defendant's superior right at this crossing was negligence on his part. The difficulty with this contention is that, so far as the proof indicates, the defendant company never took any of the steps required by the general railroad law to

notify the public that it was operating under a steam railroad charter, and absolutely failed in the performance of the duties imposed upon railroad companies so operating at highway crossings. In the absence of such notice the decedent was justified in assuming what appearances indicated, viz., that the tracks he was about to cross were those of an ordinary street railway company.

The only other contention is that the damages awarded by the jury are excessive. Our examination of the testimony bearing upon this point leads us to the conclusion that it is well founded. If the plaintiff will consent to reduce the verdict to $5,000 he may enter judgment for that amount. Otherwise, the rule to show cause will be made absolute.